UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Juan Pablo Benavides Martinez (A-Number: 241-032-543), <br><br> Petitioner, <br><br> v. <br><br> Warden, California City Correctional Center; Field Office Director, San Diego Field Office, United States Immigration and Customs Enforcement; Todd M. Lyons, Acting Director, United States Immigration and Customs Enforcement; Kristi Noem, Secretary of Homeland Security; Pamela Jo Bondi, United States Attorney General, <br><br> Respondents. | No.  2:26-cv-01036-KES-FJS (HC) <br><br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS <br><br> Doc. 1 |

Petitioner Juan Pablo Benavides Martinez is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by claim two of the petition.  *See, e.g.*, *Yon Kervis U. v. Chestnut*, No. 1:25-CV-2066-KES-SAB (HC), 2026 WL 88983 (E.D. Cal. Jan. 12, 2026); *Guzman v. Andrews*, No. 1:25-CV-01015-KES-SKO (HC), 2025 WL 2617256 (E.D. Cal. Sept. 9, 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No.

1

1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 5. Respondents state that "the instant case is not substantively distinct from the cases the Court cited in its minute order."[1] Doc. 6 at 2. While respondents oppose the petition, they do not raise any new arguments. *See id.* at 1–3.[2]

As respondents have not made any new legal arguments and have not identified any pertinent factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Yon Kervis U. v. Chestnut*, No. 1:25-CV-2066-KES-SAB (HC), 2026 WL 88983 (E.D. Cal. Jan. 12, 2026), *Guzman v. Andrews*, No. 1:25-CV-01015-KES-SKO (HC), 2025 WL 2617256 (E.D. Cal. Sept. 9, 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No.

---

[1] The Form I-213 attached to respondents' opposition alleges that petitioner has a pending criminal charge for civil arrest, Doc. 6 at 7, but respondents do not provide any further information about circumstances of petitioner's arrest. Petitioner alleges he was arrested by local law enforcement for minor traffic infractions. Doc. 1 at 1. Respondents do not dispute this assertion and the records they provide do not reflect that petitioner was convicted of any charge. *Cf. Duncan v. California*, No. S-04-523 LKK/PAN, 2006 WL 1883385, at *2 (E.D. Cal. July 7, 2006) ("The contention that an arrest, without more, constitutes evidence of criminal activity is without merit.").

[2] Respondents also requests, in the alternative, that the Court hold this case in abeyance pending the appeals in (1) *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which concerns the issue of whether § 1226(a) or § 1225(b)(2) applies to individuals who entered the country without inspection, were not apprehended by immigration authorities upon arrival, and are not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231, or (2) *Benavides Carballo v. Andrews*, No. 25-6533 (9th Cir.), which concerns an as-applied constitutional challenge to detention under § 1226(c). *See* Doc. 6 at 3. But respondents do not argue that petitioner is subject to § 1226(c), and here immigration officials did previously apprehend petitioner, and they released him after implicitly determining that he did not pose a flight risk or a danger. The issue is whether the Due Process Clause requires a pre-deprivation hearing prior to his *re-detention*. Given the different circumstances in this case, and the nature of the relief petitioner seeks, the Court declines to hold this case in abeyance.

2

1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED as to claim two, for the reasons addressed in those prior orders.[3]

Respondents are ORDERED to provide petitioner Juan Pablo Benavides Martinez (A-Number: 241-032-543) with a bond hearing before a neutral decisionmaker within seven (7) days of the date of this Order.  Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 48 hours' written notice before the bond hearing.  At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence.  If respondents do not provide petitioner with a bond hearing within seven (7) days, then respondents must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:    April 2, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[3] The Court need not address petitioner's other claim as petitioner is entitled to the relief he seeks based on the Court's ruling on claim two.

3